■ SAUL KLEIN, Plaintiff, v MIRIAM KLEIN, Respondent, and 800 SECOND AVENUE COMPANY et al., Appellants. — Order of the Supreme Court, New York County, entered November 18, 1980 granting defendant, as receiver in sequestration, access to the books, records and accounts of certain limited partnerships in order to disclose to such receiver in sequestration the financial condition of those partnerships, unanimously affirmed, with costs. Plaintiff and defendant have been divorced for approximately eight years. Under the terms of the separation agreement entered into between them, the plaintiff was required to pay defendant $500 weekly as alimony and child support. Plaintiff failed to make the required payments and defendant obtained a substantial judgment against him. Plaintiff, who at one time was a principal officer of Barton's, was a limited partner in a number of partnerships which had real estate holdings. Plaintiff's attorney, who is also the trustee of a trust created by plaintiff shortly before the divorce, was a general partner in these limited partnerships. Subsequent to the divorce, most of plaintiff's limited partnership interests were sold to another limited partnership, Tengran Company, for the sum of $105,000. Of that sum, $100,000 was transmitted to a friend of the plaintiff in Canada. The balance was paid over to plaintiff, who is no longer within the jurisdiction of this court. Parenthetically, the general partner of Tengran Company is the same attorney who is a general partner in the limited partnership in which plaintiff had an interest. Plaintiff's interest as a limited partner in 800 Second Avenue Company, 235 East 42nd Street Associates and Pearl Cliff Associates, the appellants herein, was not purchased by Tengran, either because those interests were thought to be worthless or for other reasons. When defendant, who at one time was reduced to living on welfare, ascertained the existence of plaintiff's interest in these three limited partnerships, she commenced a sequestration proceeding by consequence of which plaintiff's interest in the three limited partnerships was sequestered and she was appointed Receiver in sequestration in accordance with section 243 of the Domestic Relations Law. The order expressly excluded her from interfering with the business or decision making process of these limited partnerships. Thereafter she commenced this proceeding seeking to examine the books, records and accounts of appellants for the purpose of ascertaining their financial condition and to compel them to account to her as Receiver in sequestration and for distribution to her of plaintiff's interest in the limited partnerships. Special Term granted so much of the application as sought information of appellants' financial condition and the examination of appellants' books, records and accounts. It denied so much of the application as

sought an accounting and distribution to her. Where judgment has been recovered against a limited partner and such judgment remains unsatisfied, subdivision (1) of section 111 of the Partnership Law authorizes the court to: "charge the interest to the indebted limited partner with payment of the unsatisfied amount of the judgment debt; and may appoint a receiver, and make all other orders, directions, and inquiries which the circumstances of the case may require". In the circumstances of this case it was well within the power of Special Term to authorize the Receiver to take such steps as would be necessary to ascertain the nature and extent of her interest in the three limited partnerships in question, the present value of such interests and to insure that she is being treated equally with the other limited partners. Moreover, since a limited partner's interest is transferable (Partnership Law, § 108), she has the right to know the names and addresses of those who might be most interested in purchasing that interest — the partners, both general and limited in the same enterprise — so that she might attempt to effect an assignment of her interest subject, of course, to the approval of the court. Special Term properly tailored its order to meet the precise circumstances here presented. It exercised its discretion to grant defendant that to which, as Receiver, she was entitled while denying her that to which she was not entitled. We refuse to interfere with that proper exercise of discretion. Concur — Birns, J.P., Sullivan, Silverman and Bloom, JJ.